Alejandro E. Figueroa, Esq.
California Bar No. 332132
Sulaiman Law Group, Ltd.
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181 Ext. 120
Fax: (630) 575-8188
alejandrof@sulaimanlaw.com
*Counsel for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| VANESSA K. FITZPATRICK,<br><br>           Plaintiff,<br><br>     v.<br><br>IQ DATA INTERNATIONAL, INC.,<br><br>           Defendant, | Case No.  8:21-cv-00872<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 ET SEQ.**<br><br>**2. VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §1788 ET SEQ.**<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT

NOW comes VANESSA K. FITZPATRICK ("Plaintiff") by and through the undersigned attorney, complaining as to the conduct of IQ DATA INTERNATIONAL, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* and the Rosenthal Fair Debt

Collection Practices Act ("RFDCPA") pursuant to Cal. Civ. Code §1788 *et seq.*, for Defendant's unlawful conduct.

## JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692 and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.  Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Central District of California and a substantial portion the events or omissions giving rise to the claims occurred within the Central District of California.

## PARTIES

4. Plaintiff is a consumer over the age of 18 residing in Moreno Valley, California, which is located within the Central District of California.

5. Defendant is a third party debt collector that "has been serving the collection needs of businesses and consumers since 1998."[1] Defendant is a corporation organized under the laws of the state of Washington with its principal places of business located at 21222 30th Drive Southeast, Suite120, Bothell, Washington.

---

[1] https://iqdata-inc.com/about-us

Defendant engages in collection activity throughout the United States, including the state of California.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

7. The instant action stems from Defendant's attempts to collect upon an apartment lease ("subject debt") Plaintiff purportedly owed to Walnut East Apartments.

8. After Plaintiff's purported default on the subject debt it was charged off and placed with Defendant for collection purposes.

9. Around December 2020, Plaintiff began receiving calls to her cellular phone number, (714) XXX-2902.

10. Defendant has called Plaintiff using the phone numbers (714) 462-4429 and (888) 248-2509, but upon information and belief, Defendant has used other phone numbers as well.

11. The aforementioned phone numbers are regularly utilized by Defendant during its debt collection activity.

12. Upon answering phone calls from Defendant, Plaintiff discovered that Defendant was calling in attempt to collect on the subject debt.

13. When speaking with Plaintiff, Defendant has demanded payment in full of the subject debt but Plaintiff has explained her inability to do so and offered to make partial payments as a part of a payment plan.

14. Defendant proceeded to ask Plaintiff questions about her personal life and finances, which made Plaintiff feel uncomfortable.

15. When Plaintiff conveyed that she could only make limited payments Defendant's representatives responded with hostility, aggression, rudeness and insisted that Plaintiff remain on the call with Defendant.

16. As a result of Plaintiff refusing to make a payment in full of the subject debt, Defendant has threatened to go after her father-in-law's wages.

17. Defendant's persistent contacts and harassing collection campaign prompted Plaintiff to answer its calls and demand that Defendant stop contacting her cellular phone.

18. Despite Plaintiff's efforts to ignore Defendant, Defendant had continued to regularly call her cellular phone.

19. Plaintiff has received numerous phone calls from Defendant since demanding that it stop contacting her cellular phone.

20. Specifically, Defendant placed a phone call to Plaintiff's cellular phone on April 4, 2021 demanding full payment of the subject debt.

21. Plaintiff once again explained her inability to do so once and offered to pay partial payment which led to Defendant becoming verbally aggressive and stating that "No one here wants your $60.00." Defendant proceeded to again threaten Plaintiff with going after her father-in-law's wages.

22. Plaintiff was confused and in fear that Defendant may possibly unilaterally garnish her father-in-law's wages to collect on the subject debt.

23. Overwhelmed by Defendant's constant calls and frustrated over Defendant's conduct, Plaintiff spoke with her undersigned attorney regarding her rights, resulting in exhausting time and resources.

24. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

25. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of her telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on her cellular phone, and diminished space for data storage on her cellular phone.

**COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

26. Plaintiff repeats and realleges paragraphs 1 through 25 as though full set forth herein.

27. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

28. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

29. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

30. The subject consumer debt is a "debt" as defined by FDCPA §1692a(5) as they arise out of transactions due or asserted to be owed or due to another for personal, family, or household purposes.

**a. Violations of FDCPA §1692c(a)(1), §1692d**

31. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

32. Defendant violated §1692c(a)(1), d, and d(5) when it called Plaintiff after being notified to stop. Defendant called Plaintiff multiple times after she demanded that it stop calling. This repeated behavior of systematically calling Plaintiff's cellular phones in spite of her demands was harassing and abusive. Furthermore,

Defendant was harassing Plaintiff by becoming verbally aggressive and threatening to go after Plaintiff's father-in-law after she offered to pay partial payment instead of payment in full. Defendant's actions were abusive and harassing as its collection campaign left Plaintiff to be worried for her and her father-in-laws financial stability. The frequency and volume of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing her.

33. Defendant was notified by Plaintiff that its actions were not welcomed, yet it continued despite the prompts.  As such, Defendant knew that its conduct was inconvenient and harassing to Plaintiff.

### b. Violations of FDCPA § 1692e

34. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

35. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  15 U.S.C. §1692e(10).

36. Defendant violated §1692e, e(10) when it used deceptive means to collect and/or attempt to collect the subject consumer debt. In spite of the fact that Plaintiff demanded that it stop contacting her, Defendant continued to contact her with unwanted collection calls. Defendant was also deceptive in falsely representing to Plaintiff that it had the lawful ability to go after her father-in-law. These actions by

7

Defendant led Plaintiff to worry that it could potentially garnish her father-in-law's wages to collect upon the subject debt. Instead of putting an end to this harassing behavior, Defendant systematically placed calls to Plaintiff's cellular phone in a deceptive attempt to force her to answer its calls and ultimately make a payment.

### c. Violations of FDCPA § 1692f

37. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

38. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on the subject consumer debt by continuously calling Plaintiff multiple times after being notified to stop. Attempting to coerce Plaintiff into payment by placing voluminous phone calls is unfair and unconscionable behavior. These means employed by Defendant only served to worry and confuse Plaintiff.

39. As pled in paragraphs 23 through 25, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff VANESSA K. FITZPATRICK, respectfully request that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

8

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject consumer debt; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

40. Plaintiff restates and realleges paragraphs 1 through 39 as though fully set forth herein.

41. Plaintiff is a "person" as defined by Cal. Civ. Code § 1788.2(g).

42. The subject consumer debt is a "debt" and "consumer debt" as defined by Cal. Civ. Code § 1788.2(d) and (f).

43. Defendant is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

### a. Violations of RFDCPA § 1788.10 – 1788.17

44. The RFDCPA, pursuant to Cal. Civ. Code § 1788.17 states that "Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j, inclusive of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."

45. As outlined above, through its continuous attempts to collect upon the subject consumer debt, Defendant violated Cal. Civ. Code § 1788.17 and 15 U.S.C. §§1692d, e, and f. Defendant engaged in a harassing, deceptive and unconscionable campaign

to collect from Plaintiff through the implicit misrepresentations made on phone calls placed to Plaintiff's cellular phone. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the lawful ability to use impermissible collection means against her.

46. Defendant willfully and knowingly violated the RFDCPA through its egregious collection efforts.

WHEREFORE, Plaintiff VANESSA K. FITZPATRICK, respectfully request that this Honorable Court enter judgment in her favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Award Plaintiff actual damages, pursuant to Cal. Civ. Code § 1788.30(a);

c. Award Plaintiff statutory damages up to $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b);

d. Award Plaintiff costs and reasonable attorney fees as provided pursuant to Cal. Civ. Code § 1788.30(c);

e. Enjoining Defendant from further contacting Plaintiff to seek payment of the subject consumer debt; and

f. Award any other relief as the Honorable Court deems just and proper.

Dated: May 11, 2021                     Respectfully submitted,

/s/ Alejandro E. Figueroa
Alejandro E. Figueroa, Esq.
California Bar No. 332132
Sulaiman Law Group, Ltd.
2500 S Highland Ave, Suite 200
Lombard, IL 60148

Telephone: (630) 575-8181 Ext. 120
Fax: (630) 575-8188
alejandrof@sulaimanlaw.com
*Counsel for Plaintiff*